## HOVER v. GENESEE VALLEY TRUST CO.
### No. 77.

Circuit Court of Appeals, Second Circuit.

Nov. 24, 1941.

814

Ernest Whitbeck and Whitbeck & Holloran, all of Rochester, N. Y., for appellant.

John J. McInerney, of Rochester, N. Y., for appellee.

Before L. HAND, AUGUSTUS N. HAND and CLARK, Circuit Judges.

PER CURIAM.

The chief question on this appeal is whether the contract under which the trustee sold the wines imposed the risk of a net loss upon the bankrupt estate or upon the bank, as pledgee. If the bank had itself sold the wines, as presumably the agreement gave it power to do, it could not have charged the estate with such a loss; its expenses would have been on its own account, and the estate would suffer only to the extent of wiping out all credit upon the bank's claim. We can find nothing in the agreement to shift this risk; on the contrary the Fifth Article expressly provides "that all expenses for the supervision of said wines * * * and all necessary space leased shall be paid for" by the bank. This stipulation was meaningless unless the bank meant to assume any deficiency, because, so far as the returns from gross sales could meet expenses, they must in any event be applied against them; indeed, the First Article expressly so provided. Further, the trustee agreed himself to bear that proportion of the total expenses which the free wines bore to those pledged, a division totally inconsistent with the notion that he was chargeable with them all. "Supervision" obviously comprehended all those services detailed in the First Article which were necessary to liquidate the pledge. Hence the bank had no right to charge against the trustee's general deposit cheques drawn to pay any of the expenses except those attributable to the free wines. Moreover, it was of no importance against which account he directed them to be charged. If he mistakenly directed them to be charged against his general account, he could repudiate the direction; if he deliberately directed them to be charged against

that account, he was without power to do so.

As to summary jurisdiction, it is enough to say that a bank which seeks to set off credits against a trustee's deposit must submit to the decision of the bankruptcy court upon their validity. By accepting the deposit it enters into a contract with the trustee and thus with the court, and it is in no different position from any other party who so contracts. Shortridge v. Utah Savings & Trust Co., 10 Cir., 40 F.2d 328, 329; Lamb v. Townshend, 4 Cir., 71 F.2d 590, 593. Cf. May v. Henderson, 268 U.S. 111, 117, 45 S.Ct. 456, 69 L.Ed. 870.

It hardly seems necessary today to say that any variance between the trustee's petition and his proof was utterly unimportant. Rule 15(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Order affirmed.