**In re AMATEX CORPORATION, formerly known as American Asbestos Textile Corporation.**

**Bankruptcy No. 82–05220K.**

**Misc. No. 83–0011.**

United States District Court,
E.D. Pennsylvania.

Nov. 9, 1983.

Erwin L. Pincus, Philadelphia, Pa., for Asbestos Litigants Committee.

Jan Z. Krasnowiecki, Philadelphia, Pa., for Amatex Corp.

William P. Manning, Norristown, Pa., for Amatex Corp.

Marvin Krasny, Philadelphia, Pa., for Creditors' Committee.

Leonard P. Goldberger, Philadelphia, Pa., Richard K. Masterson and Margaret Mary Maguire, Masterson, Braunfield, Himsworth & Maguire, Norristown, Pa., for Aetna Cas. & Sur.

## MEMORANDUM

GILES, District Judge.

Amatex Corporation seeks the appointment of a guardian *ad litem* in the bankruptcy court to represent the interests of all unknown persons who at some future date may bring asbestos suits against Amatex for injuries arising from asbestos exposures occurring prior to the bankruptcy proceedings. In addition, Amatex proposes a plan of reorganization establishing a fund from which payment will be made to all present and future asbestos claimants on some equitable basis. Amatex posits that unless it is able to discharge all such claims, however contingent or immaterial, it will probably not be able to reorganize and survive as a viable entity.

Central to Amatex's arguments is that under Section 101 of the Bankruptcy Code, the term "claim" includes all "contingent" and "unmatured" claims. 11 U.S.C. § 101. Therefore, it contends these possible claimants are "creditors" under the Code, are entitled to representation in all phases of the bankruptcy proceedings, and can now be bound by the decrees of the court. It argues that exclusion of future claimants from representation would be tantamount to a deprivation of a property interest without due process of law. Citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Amatex maintains that a guardian *ad litem* is required to represent those whose identities cannot be ascertained and that a yet unspecified publication of a court decree affecting their future interests could avoid any constitutional due process impediments to that representation.

The Committee of Present Asbestos Claimants vigorously opposes the appointment of a guardian *ad litem.* The Committee asserts that future claimants are not creditors under the Bankruptcy Code. Moreover, they assert that if any decree precluded the future right of any such person to bring a future claim, there would indeed be a denial of due process of law.

After careful review of all briefs and arguments, I have concluded that unknown, possible future asbestos claimants are not creditors under the Bankruptcy Code. Accordingly, I have adopted the Opinion, Report and Recommendation of the Honorable William A. King, Jr., Bankruptcy Judge. 30 B.R. 309. This conclusion is further bolstered by the holding in *In re UNR Industries, Inc.,* 29 B.R. 741 (N.D.Ill.1983). There, District Judge William T. Hart considered the same issues and arguments advanced here and, after thorough analysis, reached the same result.

To conclude that such persons are not creditors renders moot the argument that they are entitled to due process notice of some kind. However, a further point seems appropriate. Amatex seeks to preclude the future claims of vast numbers of persons who cannot possibly now know whether they will ever have any claim against Amatex for a compensable injury. No genuine or meaningful notice can be given to individuals who cannot know of a future cause of action. Attempted notice to persons who have no legal interest which can be protected under law is not due process notice. As the Court in *Mullane* stated, "... when notice is a person's due, process which is a mere gesture is not due process." 339 U.S. at 315, 70 S.Ct. at 657. There, the Court's approval of the newspaper publication to give notice for unknown beneficiaries, and others whose whereabouts were unknown, presumed that if such persons, parents, or guardians saw the notice, there would be a recognition of existing rights deserving protection so that there could be an intelligent choice made whether to appear, default, acquiesce or contest. 339 U.S. at 314, 70 S.Ct. at 657. Therefore, Amatex's reliance on *Mullane* is misplaced.

For the foregoing reasons, this court adopts the Report and Recommendations of Bankruptcy Judge King, denies Amatex's petition for appointment of a guardian *ad litem,* and denies Peter John Robinson's motion to intervene. Accordingly, this matter shall be referred back to the Bankruptcy Court for such proceedings as may be appropriate.