**In re JOHNS–MANVILLE CORP., et al., Debtors.**

**Nos. 82 B 11656 (BRL) through 82 B 11676 (BRL).**

United States District Court, S.D. New York.

March 30, 1984.

Reargument Denied June 29, 1984.

Davis, Polk & Wardwell, by Lowell Gordon Harriss, and Levin, Weintraub & Crames, by Mitchell H. Perkiel, New York City, for Johns-Manville Corp.

Hahn & Hessen by Steven J. Mandelsberg, New York City, for the Equity Security Holders Committee.

Covington & Burling by Oscar M. Garibaldi, William H. Allen, Washington, D.C., for Armstrong World Industries, Inc.

Moses & Singer by Peter J. Gurfein, Babette Tenzer, New York City, for the Committee of Asbestos Related Litigants and/or Creditors.

Hannoch, Weisman, Stern, Besser, Berkowitz & Kinney by Anthony J. Marchetta, Newark, N.J., for GAF Corp.

Doros & Blessey, P.C. by Jerrold T. Doros, New York City, for Johnnie Leon Patton and Peter John Robinson.

Anderson Russell Kill & Olick, P.C. by Adrienne M. Coffin, New York City, for Keene Corp.

Silverman & Harnes by Joan T. Harnes, Martin H. Olesh, New York City, for M.J. Whitman & Co., Inc.

## MEMORANDUM OPINION

MOTLEY, Chief Judge.

These motions arise out of the proceedings in bankruptcy resulting from Chapter 11 petitions filed by the Johns-Manville Corporation and affiliated companies. The two orders of the Bankruptcy Court sought to be appealed are one which denied several motions to dismiss Manville's petitions, 36 B.R. 727, and one which granted a motion to appoint a legal representative for potential future claimants, 36 B.R. 743.

Notices of appeal of the order denying the various motions to dismiss were filed by the Committee of Asbestos Related Litigants and/or Creditors (the Asbestos Committee); Johnnie Leon Patton; M.J. Whitman & Co., Inc.; GAF Corp.; and Armstrong World Industries, Inc. and fifteen other producers of asbestos products. Notices of appeal of the order granting the motion to appoint a legal representative were filed by the Asbestos Committee and Peter John Robinson.

Before the appeals were docketed and assigned, Manville and the Equity Security Holders Committee moved in Part I of this court for an order dismissing the appeals or, in the alternative, for an order denying leave to appeal should this Court deem the notices of appeal as motions for leave to appeal.

The procedures for appeals of interlocutory bankruptcy court orders is set forth in Emergency Bankruptcy Rule I(e)(1), which provides:

[A]n application for leave to appeal an interlocutory order of a bankruptcy judge, shall be filed within ten (10) days of the entry of the judgment or order ... and the procedures set forth in Bankruptcy Interim Rule 8004 apply to applications for leave to appeal interlocutory orders of bankruptcy judges.

Bankruptcy Interim Rule 8004 has been replaced by Bankruptcy Rule 8001(b), which provides in pertinent part:

An appeal from an interlocutory judgment, order or decree of a bankruptcy judge as permitted by 28 U.S.C. § 1334(b) or § 1482(b) shall be taken by filing a notice of appeal ... accompanied by a motion for leave to appeal ....

28 U.S.C. § 1334(b) provides:

The district courts ... shall have jurisdiction of appeals from interlocutory orders and decrees of bankruptcy courts, but only by leave of the district court to which the appeal is taken.

Here, the two orders sought to be appealed are interim orders and clearly are not appealable as of right. In no sense are they final orders terminating any aspect of the proceedings and they did not irrevocably decide the rights of any party or a dispositive issue of law. In issuing the orders, the Bankruptcy Court expressly declined to rule on the issue of the dischargeability of potential future claims. Indeed, a reorganization plan with that objective has not even been submitted. Contrary to the assertions of some of the parties, the decision to appoint a representative is not a final determination that the prospective rights of future claimants can be impacted by a bankruptcy court. The impairment of future claims will happen, if ever, when a reorganization plan purporting to do so is approved. The mere appointment of a representative, however, has no such effect.

Because no appeal as of right lies from these orders, the putative appellants' only recourse is for this Court to grant leave to appeal. They, however, simply filed notices of appeal from the Bankruptcy Court's orders without also filing motions for leave to appeal as required by Bank-

ruptcy Rule 8001. Nevertheless, in situations where an appeal is improperly taken and the required motion for leave to appeal is not filed, Rule 8003(c) permits the court to "consider the notice of appeal as a motion for leave to appeal." The Court will therefore deem the notices of appeal as motions for leave to appeal.

The statutes and rules do not provide a standard for evaluating the merits of motions for leave to appeal interlocutory bankruptcy court orders. It has been recognized, however, that the decision is one within the district court's discretion and the standards set forth in 28 U.S.C. § 1292(b) are to be applied. That section permits interlocutory appeals of district court orders to the courts of appeals when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." *See In re Codesco, Inc.,* 30 B.R. 472, 473 (S.D.N.Y.1983); *In re Moskowitz,* 14 B.R. 307, 308 (S.D.N.Y.1981). *See also* 1 *Collier on Bankruptcy,* ¶ 3.03[7][d][v] at 3–303 to 3–307 (15th ed. 1983). Additionally, the order with respect to the legal representative is not final even as to the appointment issue. A further hearing is scheduled to determine both the type of representative and the rights, duties, and powers of such representative or representatives.

The power of the Bankruptcy Court to impair the claims of potential future claimants is not necessarily the controlling issue of law in these proceedings. The Bankruptcy Court found that Manville's present financial condition qualified it for reorganization. Even if it should ultimately be held by the Bankruptcy Judge that the Bankruptcy Court does not have the power to impair future claims, the reorganization petitions now before the Bankruptcy Court can still proceed on the basis of the present debt. No plan proposing to impair future claims has been submitted. Clearly, such a plan could be submitted in the future, but whether one will be submitted and thereby actually raise the issue is, at this juncture,

speculative. The point is, if the issue should be appealed at all, it should be appealed at a time after the issue actually has been raised and decided. Not only has this not taken place in this case, but it may never happen.

One of the primary reasons for granting interlocutory appeals is to address an issue which "may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). *See also* 9 *Moore's Federal Practice,* § 110.22(2). The putative appellants argue that if it is decided that the Bankruptcy Court cannot impair future claims, the Chapter 11 proceedings essentially will be terminated because the primary reason for Manville's filing was to deal with future claims. A decision by this court now, however, that the only way Manville's financial problems can be addressed is in a plan which impairs future claims would deny the Bankruptcy Court, a court designed to afford special expertise in these matters, an opportunity to reach a decision dealing with Manville's projected financial problems in a way that may even avoid these issues.

The problems giving rise to the petitions and the legal issues they raise relating to future claims are new ones for the bankruptcy courts. In this context, it is especially appropriate for the Bankruptcy Court to be able to apply its expertise in the first instance. Even if it is unable to impair future claims, the Bankruptcy Court will still be faced with Manville's future financial problems and may find some other way to respond to them. In short, there appears to be no escape from consideration of the issue of future claims, whether dischargeable or not in bankruptcy.

█ Since early termination of the litigation is a central factor in deciding whether to grant leave for interlocutory appeal, and a ruling that future claims cannot be impaired will not necessarily bring an early end to the proceedings, leave to appeal should be denied.

For the foregoing reasons, leave to appeal the two Bankruptcy Court orders is denied.