**In re JOHNS–MANVILLE CORPORATION, et al., Debtors.**

**Peter John ROBINSON, et al., Appellant,**

v.

**JOHNS–MANVILLE CORPORATION, et al., Debtors-Appellees.**

**No. 84 Civ. 1159 (RLC).**

United States District Court, S.D. New York.

Dec. 11, 1984.

---

Dec. 905 (Bkrtcy.W.D.Pa.1978).

Davis Polk & Wardwell, Levin & Weintraub & Crames, New York City, for Johns-Manville Corp., et al.; Lowell Gordon Harriss, Miriam G. Cedarbaum, Karen E. Wagner, New York City, of counsel.

Anderson, Russell, Kill & Olick, P.C., New York City, for Keene Corp.; Arthur S. Olick, Stephen J. Shimshak, Adrienne M. Coffin, New York City, of counsel.

Moses & Singer, New York City, for Asbestos Committee; Robert J. Rosenberg, Shelly Rothschild, New York City, of counsel.

Hahn & Hessen, New York City, for Equity Security Holders Committee; George A. Hahn, Steven M. Mandelsberg, Barry M. Schkolnick, New York City, of counsel.

Greene, O'Reilly, Broillet, Paul, Simon, Wheeler, McMillan & Rosenberg, Los Angeles, Cal., and Doros & Blessey, P.C., New York City, for Peter John Robinson; Jerrold T. Doros, New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

The present motion arises out of the proceedings in bankruptcy resulting from the Chapter 11 petitions filed by the Johns-Manville Corporation ("Manville") and affiliated companies. The reorganization stems from present and expected litigation against Manville based on exposure to asbestos manufactured by Manville. An important factor in these proceedings is the presence, if it can be called that, of an indeterminate group of future claimants. Largely unidentified and with unknown claims, the status of this group is at the heart of the present motion.

Manville and Keene Corporation move to dismiss an appeal taken by the Committee of Asbestos-Related Litigants and/or Creditors, Peter John Robinson, and the Equity

Security Holders Committee from an order appointing a legal representative for future claimants ("order") entered by Bankruptcy Court Judge Lifland on August 14, 1984.

The order names Leon Silverman, Esq. as the compensated legal representative for future litigants and vests him with the powers and duties of a Committee under Section 1103 of the Bankruptcy Code, 11 U.S.C. § 1103, subject to the reduction or enlargement of such powers and duties by order of the court. In *In re Johns-Manville*, 39 B.R. 234 (S.D.N.Y.1984) (Motley, C.J.), this court dismissed an appeal from an earlier order to appoint a legal representative. The present appeal, however, is the first since the actual appointment of the representative and the definition of his responsibilities.

Pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8001, movants contend that (1) the instant order is not final, and therefore may not be appealed as of right; and (2) leave to appeal should be denied. Appellants contend that the order is appealable as of right either as a final order or under the collateral order exception to the final order rule. Alternatively, appellants seek leave to appeal.

This court has previously declared that the appointment of a legal representative is not a final order:

[T]he decision to appoint a representative is not a final determination that the prospective rights of claimants can be impacted by a bankruptcy court. The impairment of future claims will happen, if ever, when a reorganization plan purporting to do so is approved. The mere appointment of a representative, however, has no such effect. *In re Johns-Manville, supra,* 39 B.R. 234, 235.

*See In re Johns-Manville Corp.*, 32 B.R. 728 (S.D.N.Y.1983) (Sand, J.) (final order is an order which ends litigation on merits and leaves nothing for court to do except execute judgment); *In re Tidewater Group*, 22 B.R. 500 (D.Ga.1982) (order not final though it finally determined settlement issue when it did not end litigation, did not decide merits, did not determine rights of parties in disputed contract, settled no liability, and established no damages).

■ The court may, however, pursuant to 28 U.S.C. § 158(a)[1] and Bankruptcy Rule 8001(b),[2] grant leave to appeal from a interlocutory order. *See In re Johns-Manville, supra,* 39 B.R. 234, 235–236; *In re Johns-Manville, supra,* 32 B.R. 728, 731–733. Such applications for leave to appeal should be liberally granted where it can help the expeditious resolution of the case. *In re Manville Forest Products Corporation*, 31 B.R. 991, 995 n. 5 (S.D.N.Y.1983) (Leval, J.).

■ Leaves to appeal interlocutory orders of the Bankruptcy Court are to be granted upon consideration of the standards set forth in 28 U.S.C. § 1292(b), to wit: if there are controlling questions of law as to which there are substantial grounds for difference of opinion and if an immediate appeal from the order may materially advance the ultimate termination of the litigation. *In re Johns-Manville, supra,* 39 B.R. 234, 236.

■ The situation here is substantially different from that presented to Chief Judge Motley in the previous appeal. At that time neither the type of representative

---

1. 28 U.S.C. § 158(a) reads:
    The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

2. Bankruptcy Rule 8001(b) reads:
    An appeal from an interlocutory judgment, order or decree of a bankruptcy judge as permitted by 28 U.S.C. § 1334(b) or § 1482(b) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008.

nor the rights, duties, and powers of the representative had been established. Now, as a result of the August 14, 1984 order, these matters have been resolved by the Bankruptcy Court, thus presenting the requisite controlling questions of law.

District courts in the Northern District of Illinois and the Eastern District of Pennsylvania have rejected Bankruptcy Judge Lifland's approach and denied representation to future claimants. *In re Amatex*, 37 B.R. 613 (E.D.Pa.1983), *adopting* 30 B.R. 309 (Bankr.E.D.Pa.1983); *In re UNR Industries, Inc.*, 29 B.R. 741 (N.D.Ill. 1983), *appeal denied*, 725 F.2d 1111 (7th Cir.1984). Bankruptcy Judge Lifland, by his unique order, has thus raised controlling questions of law as to which there are substantial areas for disagreement and appellants should be able to go forward with their appeal in order to substantially resolve such issues.

Resolution at this time will also satisfy the second prong of the test for leave to appeal, namely the material advancement of the ultimate termination of the litigation. If appeal is not made now but is made as of right once a reorganization plan is finally formulated and future litigants' rights have ripened, the entire plan will be in jeopardy and the period of formulation potentially wasted. It is preferable to resolve this uncertain situation now, before time and expense have gone into a possibly illegal configuration of the parties.

For these reasons, the motion to dismiss the appeal is denied.

IT IS SO ORDERED.