In re William S. HEBB,
Ingrid R. Hebb.

Oliver R. GUYTHER

v.

William S. HEBB, et al.

Bankruptcy No. 85–A–0024.
Civ. A. No. N–85–1917.

United States District Court,
D. Maryland.

Oct. 1, 1985.

Daniel J. Guenther, Leonardtown, Md., for appellant.

Harry D. McKnett, Ellicott City, Md., for appellees.

## MEMORANDUM

NORTHROP, Senior District Judge.

Oliver Guyther, as trustee on a deed of trust encumbering property owned by debtors in bankruptcy William and Ingrid Hebb, appeals an order of the United States Bankruptcy Court for the District of Maryland. The bankruptcy court granted the request of the debtors to convert the case from Chapter 13, 11 U.S.C. §§ 1301–1330, to Chapter 11, 11 U.S.C. §§ 1101–1174, and denied the trustee's motion to dismiss the Chapter 13 petition. This appeal ensued. Because the appeal is premature and inappropriate at this time, it is dismissed. Appellate review of the bankruptcy court's order must await further disposition of the case below.

## FACTS

William and Ingrid Hebb filed a joint Chapter 13 petition on January 4, 1985 in the United States Bankruptcy Court for the District of Maryland. The filing stayed two imminent foreclosure proceedings, including one on the Hebbs' residential mortgage scheduled for January 5, 1985. Oliver Guyther, the putative appellant, is the attorney-assignee for the lending institution which holds the first mortgage on that property, known as Porto Bello. Porto Bello is a large, historic farm situated in St. Mary's County, Maryland. At the time of the filing of their Chapter 13 petition, the Hebbs owed over $1,000,000 on this property.

The Hebbs filed their petition on January 4, 1985. On January 14, the bankruptcy court on its own motion directed that the petitioners file a plan and a statement of financial affairs within ten days. Three days later, the Hebbs requested, and on the 22nd received, an extension until February 5th in which to file. In lieu of filing, the Hebbs moved on February 5 to convert the case from Chapter 13 to Chapter 11. Oliver Guyther opposed the motion and moved to dismiss the case on the grounds that the Hebbs filed their petition in bad faith, failed to submit a timely plan and unreasonably delayed the proceedings to the prejudice of their creditors. After a hearing held on March 27, the bankruptcy court granted the petitioners' motion to convert to Chapter 11 and denied Guyther's motion to dismiss.

## DISCUSSION

The threshhold issue presented is whether the Court should entertain this appeal at the present time. Though neither party has raised this point, the Court will decide this jurisdictional question on its own motion. Fed.R.Civ.P. 12(h)(3).

The jurisdiction of the federal district courts to review orders of the bankruptcy courts is governed by 28 U.S.C. § 158(a):

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

The appealability of bankruptcy court orders turns on the finality of the order. Only final orders are appealable by

right. Leave of the district court must be sought by motion to appeal an interlocutory order. The Court may, however, upon determination that an appealed order is interlocutory, treat a notice of appeal as a motion for leave to appeal, and rule accordingly. Bankruptcy Rule 8003(c).

Appellant Guyther has framed this appeal as one of right, asserting that the order below was final in nature. Appellant filed a notice of appeal on April 8, 1985 without a corresponding motion for leave to appeal. To determine the propriety of this appeal, the Court must decide whether this order is final and appealable as of right, and if not final, whether leave should be granted for an interlocutory appeal.

### A.

Passage of the Bankruptcy Reform Act of 1978 brought bankruptcy appeals procedure closer to the traditional approach of finality in non-bankruptcy litigation. The 1984 amendments which codified section 158(a) have not altered this approach. 1 Collier on Bankruptcy ¶ 3.03[6][b] (15th ed. 1985).

As a general rule, a final judgment under 28 U.S.C. § 1291 is "one which ends the litigation ... and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). In contrast, an interlocutory order is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken to enable the court to adjudicate the cause on the merits. *United States v. O'Donnell (Matter of Abingdon Realty Corp.)*, 634 F.2d 133 (4th Cir.1980).

Recognizing the unique nature of bankruptcy proceedings, some courts have construed the final judgment rule and its exceptions liberally in this context. *See e.g., In re Saco Local Development Corp.*, 711 F.2d 441 (1st Cir.1983); *Mason v. Integrity Insurance Co. (In re Mason)*, 709 F.2d 1313 (9th Cir.1983) (interpreting the rule of *Forgay v. Conrad*, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848)); *Rockwell International Corp. v. White Motor Corp. (In re White Motor Corp.)*, 25 B.R. 293 (N.D.Ohio 1982) (applying the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*), 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)).

■ Notwithstanding the liberal interpretation of finality often applied to bankruptcy appeals, the order appealed by appellant Guyther is clearly interlocutory in nature. The bankruptcy court's denial of Guyther's motion to dismiss did not resolve the litigation. Indeed, it sustained the suit. It established neither liability nor damages. *See In re Johns-Manville Corp.*, 39 B.R. 234 (S.D.N.Y.1984) (denial of motion to dismiss Chapter 11 petition was an interlocutory order). *Cf. Maiorino v. Branford Savings Bank*, 691 F.2d 89 (2d Cir.1982) (bankruptcy court's rejection of proposed Chapter 13 plan was an interlocutory order); *Smith v. First National Bank of Albany (In re Smith)*, 735 F.2d 459 (11th Cir.1984) (denial of a motion for summary judgment in a bankruptcy proceeding was an interlocutory order); *Providers Benefit Life Insurance v. Tidewater Group, Inc. (In re Tidewater Group)*, 22 B.R. 500 (N.D.Ga.1982), *aff'd.*, 734 F.2d 794 (11th Cir.1984) (bankruptcy court denial of approval of settlement was interlocutory).

■ The bankruptcy court's grant of debtor-appellees' motion to convert the case from Chapter 13 to Chapter 11 is likewise interlocutory. The order did not determine the proceedings on the merits, but was instead a ruling preliminary to such a disposition. The Court of Appeals for the Fifth Circuit held in *Stewart v. Kutner (In re Kutner)*, 656 F.2d 1107 (5th Cir.1981), *cert. denied*, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982), that a bankruptcy court order denying a trustee's motion to convert from Chapter 13 to Chapter 7 was interlocutory. The court characterized the motion to convert as "an incidental procedural matter during the proceedings in the bankruptcy court...." 656 F.2d at 1111.

The order of the bankruptcy court does not, moreover, fall within either of the two recognized exceptions to the final judgment rule. The order addressed issues closely related to the merits of the main action, albeit in a nondispositive manner, thereby falling outside the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp., supra.* Similarly, the rule of *Forgay v. Conrad, supra,* is inapposite. The order below did not and could not direct immediate delivery of physical property or cause irreparable injury to the appellant. As the bankruptcy judge noted during the hearing on the motion, Guyther retained the option to move to terminate the stay so as to proceed with the foreclosure on the debtors' property. (Tr. 24, 26).

### B.

Pursuant to 28 U.S.C. § 158(a), the district court may, at its discretion, entertain interlocutory appeals from bankruptcy proceedings. The statutory language of that section, however, provides no guidance as to how that discretion should be exercised. Most courts have analogized to the standards set forth in 28 U.S.C. § 1292(b), the statute governing discretionary appeals of interlocutory orders in non-bankruptcy litigation: (1) whether the order involves a controlling question of law as to which there is substantial ground for difference of opinion; and (2) whether immediate appeal would materially advance the termination of the litigation. *See e.g., In re Manville Forest Products Corp.,* 31 B.R. 991 (S.D.N.Y.1983) (granting appeal where it aided in expeditious resolution of the case); *Wilson Freight Co. v. Citibank, N.A. (In re Wilson Freight Co.),* 21 B.R. 398 (S.D.N.Y.1982) (granting appeal where issue is one of first impression); *In re Tidewater, supra. But see Landmark Capital Co. v. North Central Developmental Co. (In re Landmark Capital Co.),* 20 B.R. 220 (S.D.N.Y.1982) (considering criteria other than those of § 1292(b)).

Applying the standards of § 1292(b) and those developed by the courts, this Court holds that appellate review is not warranted at this time. The manner in which the petitioners have conducted the litigation—the essence of appellant's motion to dismiss—is not a controlling issue of law in this case. The controlling issues concern the readjustment and repayment of the Hebbs' debts. Nor are there substantial grounds for disagreement as to the relevant legal principles. The legal standard governing the dismissal of a Chapter 13 petition is explicitly enumerated in 11 U.S.C. § 1307(c). Moreover, the bankruptcy court is empowered with discretion in that determination. *In re Sando,* 30 B.R. 475 (E.D.Pa.1983). Conversion from Chapter 13 to Chapter 11 is also left to the discretion of the court, provided that, as in this case, the Chapter 13 plan has not yet been confirmed. 11 U.S.C. section 1307(d).

The District Court for the Southern District of New York in *In re Johns-Manville Corp.,* 39 B.R. 234 (S.D.N.Y.1984), declined leave to appeal a bankruptcy court's denial of a motion to dismiss a Chapter 11 petition. The motion to dismiss was based in part on an allegation of bad faith filing. *In re Johns-Manville Corp.,* 36 B.R. 727 (Bankr.S.D.N.Y.1984). The District Court held that the denial of the motion to dismiss did not satisfy the criteria of § 1292(b), specifically that of the controlling question of law. 39 B.R. at 236.

The essence of this appeal does not concern the legal standard applied by the bankruptcy court, but instead that court's conclusions of fact. In denying the motion to dismiss, Judge Mannes found that the debtors' delay in filing a plan was not unreasonable or prejudicial to their creditors, and that the debtors did not file in bad faith. Appellate review of that court's factual conclusions is governed by the clearly erroneous rule. 28 U.S.C. § 157(b)(2)(A); Bankruptcy Rule 8013. *See Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 55, n. 5, 102 S.Ct. 2858, 2863 n. 5, 73 L.Ed.2d 598. An appeal based not on the propriety of the

legal standard applied below, but on the validity of conclusions of fact is not one suited for interlocutory appeal, particularly when appellate review of fact is limited as it is here. *See In re Johns-Manville Corp.*, 39 B.R. 998 (S.D.N.Y.1984) (leave to appeal denied for purposes of reviewing factual determinations of the bankruptcy court, including that of whether petitioner filed in bad faith).

Accordingly, leave to appeal the order of Bankruptcy Court is denied, and the appeal is dismissed. A separate order will be entered confirming the rulings herein.