In re SANDRA COTTON, INC., Debtor.

No. CIV–86–170E.

United States District Court,
W.D. New York.

Sept. 12, 1986.

Corey J. Hogan, Buffalo, N.Y., for plaintiff.

Jack L. Getman, Marvin Baum, Buffalo, N.Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

This appeal from the Bankruptcy Court is brought pursuant to 28 U.S.C. § 158(a). The issues on appeal are (1) whether the order of the Bankruptcy Court to convert the Chapter 11 reorganization bankruptcy

to a Chapter 7 liquidation bankruptcy was clearly erroneous, (2) whether the bankruptcy judge abused his discretion by shortening notice of the initial hearing on the motion for conversion from twenty to fifteen days and (3) whether the debtor had been denied due process.

Sandra Cotton, Inc. ("the Corporation" or "the debtor") is a New York corporation. It consists of twenty-six rental properties and the personal residence of Jack D. Liffiton who claims to have been the sole shareholder of the corporation.[1] A voluntary petition for relief under Chapter 11 of the Bankruptcy Code was filed December 14, 1984 on behalf of the Corporation. Upon a creditor's motion, the Bankruptcy Court determined that the Corporation was being mismanaged and appointed a trustee, Robert Strell, pursuant to section 1104 of the Bankruptcy Code.

The trustee filed his report December 18, 1985 pursuant to 11 U.S.C. § 1106. It details the physical condition of the properties involved and the repairs effected by the trustee during his ten-month management of the Corporation. It also lists repairs claimed necessary to bring the condition of the properties to "a normal standard," estimates the cost of such repairs, estimates future rental income and cash flow and describes what he considered to be management "irregularities."[2] He concluded that financial reorganization of the debtor had not been feasible and recommended that the case be converted to Chapter 7.

The trustee on December 19th orally moved to convert the case. A creditor, East River Savings Bank, filed a motion on that same date to convert the case to Chapter 7. By notice dated December 19th the Bankruptcy Court set the return date on the motion for Friday January 3rd. A hearing was held January 3rd, was contin-ued to January 6th and was further continued to January 7th on which date it was concluded. At the conclusion of the hearing the Bankruptcy Judge put on the record his decision granting the motion to convert. An order was filed January 13th converting the case. The order adopted the trustee's report and found that there was an inability to effectuate a plan and that there was no reasonable likelihood of rehabilitation of the debtor or its business.

■ Upon review of the record on appeal this Court fails to find that the Bankruptcy Court erred in converting the action to a Chapter 7 proceeding. The trustee's report filed December 18th and his January 3rd testimony provided a convincing basis for the Bankruptcy Court to conclude that there would likely be a continuing loss to or diminution of the estate within any reasonable time period and that there was an absence of a reasonable likelihood of rehabilitation. *See* 11 U.S.C. § 1112(b). No basis is found for concluding that the Bankruptcy Court's decision had been clearly erroneous. *See* Bankruptcy Rule 8013. It should be noted that the debtor presented no evidence in opposition to the motion.

The debtor objects to the fifteen-day notice provided for the conversion hearing. Bankruptcy Rule 2002 states, in pertinent part, that

> "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 20 days notice by mail of * * * (5) in a chapter 7 liquidation and a chapter 11 reorganization case, the hearing on the dismissal or conversion of a case to another chapter * * *."

A court, however, "for cause shown may in its discretion with or without motion or

---

**1.** Some issue appears to exist whether Liffiton or his spouse, Kathleen Liffiton, had been the sole shareholder. This issue need not be resolved by this Court.

**2.** The trustee lists as irregularities, among others, the Corporation's failure to segregate or escrow security deposits obtained from tenants, the debtor's failure to file New York State franchise tax returns, New York State income tax returns and federal tax returns, the Corporation's failure to maintain records and the Corporation's failure to pay real property taxes.

notice order the period reduced." Bankruptcy Rule 9006(c)(1).

In this case, the notice of motion to convert had been dated December 19th and the hearing had been commenced January 3rd. No motion to reduce the notice period had been made and no exigent circumstances appear to have existed supporting a reduction in time. The Bankruptcy Judge, while noting that the notice period had been reduced, indicated that the secured creditors should not be denied the benefit of their bargain any longer and that he saw no sense in requiring the parties to appear once again before that court at some future date.

■ The flexibility written into Bankruptcy Rule 9006 to reduce the time for notice should be sparingly invoked and may be invoked only for cause shown. *See In re Charles George Land Reclamation Trust*, 30 B.R. 918 (Bk.D.Mass.1983); *In re Park Distributors, Inc.*, 176 F.Supp. 38 (S.D.Cal.1959); *In re Fee Bros.*, 36 F.Supp. 995 (W.D.N.Y.), *aff'd sub nom. Hover v. Genesee Valley Trust Co.*, 123 F.2d 813 (2d Cir.1941). Administrative convenience does not justify an abbreviated notice. *In re Park Distributors, Inc., supra*, at 42. In this case there had been no unusual circumstances presented as justifying the shortened notice period. The Bankruptcy Judge therefore overstepped the discretion granted him under Rule 9006 in shortening the notice period from twenty to fifteen days.[3]

The debtor further claims that the Bankruptcy Judge's failure to grant a continuance beyond January 7th and the short notice given violated its due process rights. It also claims that it had been denied effective assistance of counsel and, therefore, its rights to due process.

■ The debtor and Liffiton sought a continuance January 7th. Counsel for the debtor failed to offer reasons for a continuance beyond noting that the statutory notice period had been reduced. Liffiton, acting on his own behalf at that time, claimed that he needed additional time in which to arrange for witnesses to appear on his behalf.[4] Liffiton's asserted need for additional time, however, did not arise from the shortened notice period. He stated to the Bankruptcy Court that his witnesses had been available January 3rd but, because of other conflicts, were not available January 6th or January 7th. [Transcript p. 36.] It was thus not the short notice which prevented the debtor and Liffiton from presenting testimonial evidence but their own failure either to subpoena witnesses or to insure the availability of their witnesses through other means. The Bankruptcy Judge's management of the hearing fails to rise to a violation of the debtor's due process rights.

The debtor also argues that it had been denied the effective aid of legal counsel. The allegation rests upon the fact that Liffiton's attorney had been required, for personal reasons, to leave the January 3rd hearing shortly after it had been commenced and had been unable to attend the hearing on January 6th and 7th. It is claimed that the court's refusal to adjourn the hearing prevented Liffiton from cross-examining the trustee and from presenting his own evidence.

---

3. The appellees suggest that the statutory requirement had been met because the debtor had notice of the action sought by the trustee. It is claimed that the trustee advised the debtor December 5, 1985 that the trustee's report would be available for inspection December 11th. The appellees also suggest that the two-day continuance of the January hearing provided the debtor with adequate time to respond. Neither of these arguments has merit. Rule 2002 concerns the providing of notice of the hearing, not simply general notice of the issues likely to be argued at the hearing. That rule also concerns the providing of adequate notice prior to the commencement of the hearing.

4. The debtor's counsel had earlier complained that the trustee had not appeared in court after January 3rd and thus it had been deprived of the opportunity to call him as a witness. As the Bankruptcy Judge noted, however, the debtor failed to subpoena the trustee or any other witnesses. The debtor has not asserted that its failure to subpoena witnesses had been caused by the shortened notice period.

The debtor had, in fact, been represented by counsel throughout the hearing and the Bankruptcy Judge provided the debtor with the opportunity to cross-examine witnesses and to present evidence. Liffiton was not the debtor. Under the Bankruptcy Rules, a corporation's officers or controlling stockholders are deemed to be debtors only when the corporate debtor is required to perform an act or when it is compelled to appear for examination. Bankruptcy Rule 9001(5). Here, the corporation had not been required to perform any act and had not been compelled to appear. Liffiton cannot be considered to have been the debtor. Even if this Court were to find that Liffiton had been denied the effective assistance of counsel—which this Court does not find—, such denial does not affect the fact that the debtor had been represented by counsel. Liffiton's counsel did not at the time of the hearing represent the debtor. The inability of Liffiton's counsel to remain at the hearing (and it is noted that he did not advise the court of the reason for departing) in no manner affected the debtor's right to effective representation.

Upon review of the record presented, this Court fails to find any violation of the debtor's rights which justify reversing the Bankruptcy Court's determination or which justify remanding the case for further hearings. The trustee presented a very strong case in support of his motion to convert the action to a Chapter 7 action. The debtor's failure to present any evidence is not perceived by this Court to have been the result of the improper reduction in notice preceding the hearing. Rather, the debtor's failure to present evidence had resulted from its own failure to insure the availability of witnesses. These factors convince this Court that the improperly shortened notice had been harmless error. Bankruptcy Rule 9005; Fed.R.Civ.P. rule 61.

Accordingly, it is hereby ORDERED that this appeal is denied.