**ELLIOT ASSOCIATES, et al.,**
**Appellants,**

**v.**

**LTV CORP., et al., Appellees.**

**No. 86 Civ. 7521 (RO).**

United States District Court,
S.D. New York.

Dec. 12, 1986.

Kronish, Leib, Weiner & Hellman, New York City, for appellants; Richard Lieb, William J. Rochelle, III, Karen M. Klein, of counsel.

Davis, Polk & Wardwell, New York City, for appellees LTV Corp.; Karen E. Wagner, Levin & Weintraub & Crames, New York City, of counsel.

Stroock & Stroock & Lavan, New York City, for Official Committee of the Unsecured Creditors; Jack Gross, Lawrence M. Handelsman, Melvin A. Brosterman, Brian M. Cogan, Elynn C. Lambert, of counsel.

OPINION AND ORDER

OWEN, District Judge.

Appellants seek to appeal from an order of Bankruptcy Judge Lifland, denying an application to establish a senior public debtholders' committee approximately six weeks after the bankruptcy petitioner filed

its Chapter 11 petition. By stipulation, I need only decide at this point whether the appeal lies. If the answer is in the affirmative, the merits of the appeal will be heard at a later date.

A party may appeal a bankruptcy decision (1) where the decision is a final order, or (2) through an interlocutory appeal. A final order must "at least finally determine the discreet [sic] issue to which it is addressed, as is the case with an order terminating an adversary proceeding." *In re Four Seas Center, Ltd.*, 754 F.2d 1416, 1418 (9th Cir.1985).

■ Judge Lifland's ruling is far from a final one. He stated, "I am not persuaded at all *at this time* that there is a really essential need for the Public Debt Committee," and reiterated, "[I]t does not seem to me *at this point in time* that the public debt is not served at present with respect to the representation on the present Committee" (emphasis added). Moreover, Judge Lifland recognized that the situation might change in the future: "It may very well be that a point in time comes along when the interests of the public debt have to become more defined and are far more parochial, and at that particular point in time would be the more proper time for me to entertain such an application."

■ If this is to be considered as an interlocutory appeal, appellants must show (i) that a controlling question of law is involved, (ii) that the question is one in which there is a substantial ground for difference of opinion, and (iii) that an immediate appeal would materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *In re Johns-Manville Corp.*, 39 B.R. 234, 236 (S.D.N.Y.1984).

■ Appellants fail to sufficiently demonstrate how an immediate appeal would materially advance the ultimate termination of this litigation. Judge Lifland's present finding of the adequacy of committee representation hardly appears an abuse of discretion. Moreover, his determination that at this initial stage of the proceedings the process of reorganization is best served without a multiplicity of committees and

that representation on the current committee is sufficient to represent and protect appellants' interests must be given great weight. In light of these findings, I conclude that appellants have failed to establish that an immediate appeal would materially advance the ultimate termination of this litigation. Leave to appeal is therefore denied.

So ordered.