**In re Julio & Elva VILLAREAL, Debtors.**

**Bankruptcy No. 89–50451–C.**

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

Sept. 30, 1993.

Robert C.E. Wolfe, San Antonio, TX, for debtors.

### *ORDER DENYING MOTION TO EXPEDITE HEARING*

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the motion of debtors to expedite hearing on the sale of

property. Upon consideration thereof, it is the ruling of the court that the motion to expedite should not be granted. The motion to sell will be set for hearing in the ordinary course.

The facts of this case are what motivates the court to write on the matter. On August 9, 1993, the debtors entered into an earnest money contract for the sale of their home.[1] The contract called for closing by September 28, 1993, but extended the deadline for 15 days if financing consistent with the contract's terms was obtained. An earnest money check for $5,000 was delivered the same day.

The debtors did not file a motion to authorize sale until September 15, 1993, more than a month after the earnest money contract was executed. By that time, the delay had created an emergency, so the motion was styled "Debtors [sic] Emergency Motion to Sell Exempt Property and Request for Emergency Hearing." The motion stated that the contract was scheduled to close on September 28th, but said nothing about the fact that the contract had been executed over thirty days before. The emergency was one of debtors' own making.

■ Local rules require that parties seeking an expedited hearing are to file a separate pleading requesting such relief.[2] Counsel for the debtors in this case was so notified, and a prompt motion to expedite was promised.[3] However, it was not until September 29, 1993 that such a motion was in fact filed, and not until the morning of September 30, 1993 that it was transmitted to the courtroom deputy assigned to the undersigned judge. By the time this separate motion to expedite was filed, the debtors *really* had an emergency. September 28th was the day the sale was to close; counsel of course knew that he could not possibly obtain a hearing in time to close. The motion to expedite now says that "[t]he emergency hearing is needed because the debtors earnest money will expire in fifteen days if closing does not occur in that time."

■ The pleading purports to describe a real emergency, and begs the court's intervention to prevent an injustice. In truth, however, there never would have been an emergency had debtors but filed their motion to sell in mid-August. Thus, there are no grounds presented for expedited relief. Rule 9006 authorizes the court to shorten notice in a variety of circumstances "for cause shown." FED.R.BANKR.P., Rule 9006(c)(1). Cause is not shown when the cause for expedited hearing is one of the movant's own making. *Official Committee of Disputed Litigation Creditors v. McDonald Investment, Inc.,* 42 B.R. 981, 987 (N.D.Tex.1984) ("[a]n 'emergency' was brought on solely by the dalliance of debtors' counsel and it was an abuse of discretion for the bankruptcy court to shorten the notice period ..."); *see also Matter of Hester,* 899 F.2d 361, 364 (5th Cir.1990).

■ The court here reiterates some basic principles, then. Firstly, if an expedited hearing is sought, it must appear clearly from the pleadings not only that there is an emergency but also that it is not an emergency of the movant's own making. In the context of motions to sell, in particular, this means that a copy of the earnest money contract should be attached as an exhibit, so that the court can readily ascertain that the emergency is not merely a matter of the movant's inattentiveness.

Secondly, (at least in this district) there must be a separate motion to expedite to

---

1. In San Antonio, the orders of confirmation provide that property of the estate does not re-vest in the debtor following confirmation; this is so at least in part to assure that the automatic stay will continue to protect the estate during the term of the plan. *See* 11 U.S.C. §§ 1327(a), (c), 362(c), 1328.

2. This is required at least in part because of the court's computerized docketing system. Although more than one order *can* be docketed relative to a given pleading, it is easier for the docketing clerks to accurately input and connect matters if, for each order, there is a distinct pleading. Thus, a separate motion for expedited hearing generates a separate order granting same, permitting an expedited setting outside the normal setting parameters imposed by the rules.

3. Although Mr. Wolfe is from Houston, Texas, he is a frequent practitioner in this district, and is very familiar with local rules and practices.

accompany the underlying motion sought to be expedited.

■ Thirdly, the motion to expedite should address the question of prejudice to other parties otherwise entitled to notice. *See In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 390 (Bankr.E.D.Pa.1987). The principle victim whenever the court grants an expedited hearing is the due process rights of affected creditors and parties in interest.

■ And fourthly, motions to expedite should be used sparingly, rather than as a matter of course. *See In re Sandra Cotton, Inc.*, 65 B.R. 153 (W.D.N.Y.1986). Granted that such relief is often essential (and so should of course be sought), it is more often the case that expedited relief is sought merely as a convenience to the attorney and his or her client. Attorneys should not presume that the court can easily "shoehorn in one more quick little motion" into its docket, for there is more to granting such hearings than just finding a few minutes' time on the docket. Every expedited matter requires special attention (and therefore extra staff time) just to get onto the docket on an expedited basis. Because they must be individually handled outside the court's routine setting system, expedited settings are an imposition on the court and the clerk; they are also an imposition on other parties who are also seeking their day in court but are not insisting on special treatment. Unnecessarily invoking this sort of relief makes things go more slowly for everybody else.[4]

This motion to expedite is denied, as will be future motions which do not comport with the guidelines set out in this decision.

So **ORDERED.**

---

4. Everyone has had the experience of patiently standing in line, when someone cuts in front on grounds of some emergency. In order to accommodate whoever cut in front, everyone else has to wait just a little bit longer. The

---

analogy to the docketing and scheduling of hearing settings is fairly close.