67 F.3d 294
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Allan J. CULVER, Jr., Appellant,
and
Sanford R. Shapiro, a/k/a Sandy Shapiro, Plaintiff-Appellant,
v.
Nicholas MOLINARIO; Michael Riger, Defendants-Appellees,
and
George W. Liebmann, Trustee-Appellee.
 No. 94-1974.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 27, 1995.
Decided Sept. 28, 1995.
 
 Allan James Culver, Jr., Bel Air, Maryland, for Appellant. George W. Liebmann, GEORGE W. LIEBMANN, P.A., Baltimore, Maryland; Ralph L. Arnsdorf, Zvi Guttman, SMITH, SOMERVILLE & CASE, Baltimore, Maryland, for Appellees.
 Before MURNAGHAN, LUTTIG, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Sanford Shapiro and his counsel, Allan Culver, appeal the district court's orders that it lacked jurisdiction to hear an interlocutory appeal from the bankruptcy court, and imposing sanctions against Culver pursuant to FED. R. CIV. P. 11. We dismiss the appeal for lack of jurisdiction because the orders are not appealable. This court may exercise jurisdiction only over final orders, 28 U.S.C. Sec. 1291 (1988), and certain interlocutory and collateral orders, 28 U.S.C. Sec. 1292 (1988); FED. R. CIV. P. 54(b); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). The orders here appealed are neither final orders nor appealable interlocutory or collateral orders.
 
 
 2
 Shapiro moved to voluntarily dismiss his Chapter 7 case from bankruptcy. The motion was opposed by the bankruptcy trustee and creditors. After a hearing, the bankruptcy court denied the motion to dismiss without prejudice to renewal after the Bankruptcy Rule 2004 examination, a deposition, and meeting with creditors as previously ordered. Shapiro appealed to the district court.
 
 
 3
 As a general rule, a final judgment under 28 U.S.C. Sec. 1291 (1988) is "one which ends the litigation ... and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). The bankruptcy court's order denying the motion to dismiss is not a final order because it does not resolve the litigation, decide the merits, settle liability, establish damages, or even determine the rights of any party to Shapiro's bankruptcy case. Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978).
 
 
 4
 In contrast, an interlocutory order is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken to enable the court to adjudicate the cause on the merits. In re Abingdon Realty Corp., 634 F.2d 133 (4th Cir.1980) (per curiam). Notwithstanding the liberal interpretation of finality often applied to bankruptcy appeals, see A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1009 (4th Cir.), cert. denied, 479 U.S. 876 (1986), the order appealed by Shapiro is clearly interlocutory in nature. Further, because the bankruptcy court's order does not involve a controlling issue of law, the district court's determination that it did not have jurisdiction to hear the appeal under 28 U.S.C. Sec. 158(a) (1988) was proper. In re Hebb, 53 B.R. 1003 (D.Md.1985). Finally, jurisdiction does not exist under the collateral order doctrine, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), as the bankruptcy judge made clear in his order that Shapiro retained the option to again move for dismissal after the Bankruptcy Rule 2004 examination.
 
 
 5
 Because Shapiro's appeal to the district court was interlocutory, the district court's decision is not a reviewable final order; therefore, Shapiro's appeal of the district court's order to this court is dismissed as interlocutory. In re Looney, 823 F.2d 788, 791 n. 3 (4th Cir.), cert. denied, 484 U.S. 977 (1987).
 
 
 6
 Shapiro's counsel's appeal from the order imposing sanctions is also dismissed. An order imposing sanctions during the pendency of litigation is not a final order for purposes of appeal. See In re Underwriters at Lloyd's, 666 F.2d 55, 58 (4th Cir.1981) (per curiam). See also Robinson v. Tanner, 798 F.2d 1378 (11th Cir.1986) (per curiam) (sanction for discovery abuses not appealable until after final judgment where appellant was party to action and did not claim irreparable injury or loss), cert. denied, 481 U.S. 1039 (1987); Eastern Maico Distributors v. Maico-Fahrzeugfabrik, G.M.B.H., 658 F.2d 944, 947 n. 2 (3rd Cir.1981) (court of appeals lacks jurisdiction over appeal from monetary sanction regarding discovery obligations; sanction was neither a final decision nor collateral order). Shapiro has not alleged that payment of the sanction will cause irreparable harm or loss, nor that review will not be possible after a final judgment. Because there has been no final order in this case, we lack jurisdiction to hear the appeal from the imposition of sanctions.
 
 
 7
 Accordingly, we dismiss the appeal. We grant the unopposed motion to submit the case on the briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 8
 DISMISSED.