In re Jacob FRAIDIN, Debtor.

Jacob R. FRAIDIN, Appellant,

v.

Andre R. WEITZMAN, Appellee.

Civ. No. AMD95–1872.

United States District Court,
D. Maryland.

Sept. 29, 1995.

---

Jeffrey L. Tarkenton, David & Hagner, Washington, DC, for plaintiff.

Andre R. Weitzman, Baltimore, MD, for defendant.

## MEMORANDUM

DAVIS, District Judge.

Jacob Fraidin, Appellant, filed a voluntary Chapter 11 petition with the United States Bankruptcy Court for the District of Columbia in April 1991. His petition was subsequently transferred to this district with his consent. On November 23, 1994, Andre R. Weitzman, one of the Appellant's creditors, filed a motion with the bankruptcy court to convert the Appellant's case to Chapter 7 pursuant to 11 U.S.C. § 1112. In April 1995, the United States Bankruptcy Court for the District of Maryland granted Weitzman's motion to convert, and the court denied Fraidin's subsequent motion for reconsideration.

This is an appeal from the bankruptcy court's refusal of a request for a continuance of the hearing on the motion to convert, as well as from that court's order granting the motion to convert. All briefs related to this appeal have been filed and no hearing is deemed necessary. Fed.R.Bank.P. 8012; Local Rule 105.6 (D.Md.1995). The Court concludes that the orders challenged in this appeal are not final; therefore, the appeal shall be dismissed for lack of jurisdiction.

(i)

Fraidin's counsel filed a memorandum in opposition to Weitzman's motion to convert on December 2, 1994. In late February 1995, Fraidin's counsel filed a motion to withdraw, citing a potential conflict of interest. The court advised Fraidin on March 1, 1995, to retain substitute counsel in time for a hearing on an unrelated matter already scheduled for March 16, 1995, or to be prepared to proceed *pro se* at that hearing. The March hearing was later postponed until April 11, 1995. Fraidin's counsel's motion to withdraw was granted on March 27, 1995.

Eight days prior to the April 11, 1995, hearing, the bankruptcy court sent notice to the parties of its intention to hold a hearing

regarding the motion to convert as well as the other matters already scheduled for a hearing on that date. Because Fraidin had not retained counsel when he received notice of the hearing, he filed a motion requesting a partial continuance of the April 11 hearing with respect to the motion to convert.

On April 11, 1995, Fraidin appeared *pro se.* The bankruptcy court first held a hearing with respect to Appellant's motion for a partial continuance. Fraidin's main contention was that he lacked sufficient expertise to handle the conversion motion himself and that he needed time to acquire counsel. When asked why he had not already retained counsel, Fraidin gave several reasons, including that: (1) the expense was prohibitive; (2) he believed that he was competent to handle the other matters that were previously scheduled for the April 11 hearing, and he had not had enough time to locate competent counsel in the few days since he had received notice of the hearing on the motion to convert; and (3) no attorney could prepare adequately for the hearing on such short notice. The court rejected all of these reasons in light of the fact that the motion to convert had been pending since November 1994. Furthermore, the court noted that Fraidin had been advised to retain an attorney originally by March 16, 1995, or risk proceeding *pro se.* Thus, Fraidin's motion for a partial continuance was denied.

The bankruptcy court then held a hearing on the conversion motion. The court, observing that Fraidin "has been in Chapter 11 for a period of about four years, and there isn't any plan on the horizon," granted the motion to convert to Chapter 7. The court explained that it was not simply the four year time delay that was troubling, but rather that it had been four years "and no plan is even on the table. Forget being confirmed. Forget being consummated. It's not even on the table." Therefore, regardless of whether there had been a continuing loss or diminution of the estate, the court held that "under Section 1112(b)(2), the inability to effectuate a plan is reason enough to convert this case to Chapter 7." The court explained further as follows:

[I]t seems to me that looking at this case objectively, the only result that will finally give creditors some benefit is the conversion of this case to Chapter 7. I don't want to take Mr. Fraidin's livelihood away from him, and I don't even think that a Chapter 7 will necessarily do that. I think it may be in his own interest to be converted to a Chapter 7. . . . He may do better in a Chapter 7 by having some of these punitive damages dealt with in a liquidation where he gets a bankruptcy discharge, assuming that he gets a discharge. And I have to assume that that's what's going to happen here. . . .

Fraidin filed a motion for reconsideration of the conversion order. A hearing, at which Fraidin was represented by an attorney, was held on the motion for reconsideration on May 30, 1995. The court denied the motion, holding that "there is no possibility that the debtor would be able, were this case converted to a Chapter 11, to submit a plan that would be able to be confirmed." Fraidin timely noted the present appeal.

(ii)

Fraidin argues that the bankruptcy court's decision not to grant his motion for a partial continuance on the motion to convert was both a technical violation of the Federal Rules of Bankruptcy Procedure and a violation of his due process rights. According to Fraidin, he was entitled to 20 days notice of the hearing by mail. Therefore, Fraidin argues, as the bankruptcy court issued its notice of the hearing on the motion to convert only eight days prior to the hearing, its decision not to grant him a continuance was erroneous and "at a minimum, this case should be remanded for a full evidentiary hearing held on adequate notice to the Appellant." Appellant's Brief at 13.

Furthermore, on the merits, Fraidin argues that the bankruptcy court's decision to grant the motion to convert this case to Chapter 7 was erroneous. He contends that Weitzman "wholly failed to present testimony of any witnesses or seek to admit any documents into evidence in support of his Motion to Convert." Appellant's Brief at 14. Moreover, he argues, the court erroneously found

that cause for conversion existed as a matter of law.

(iii)

■ This Court sits as an appellate court from final judgments of the bankruptcy court. Fed.R.Bank.P. 8001. As the bankruptcy court's order granting conversion of this case to Chapter 7 was not a "final judgment" within the meaning of Rule 8001, this Court lacks jurisdiction to hear this appeal. *In re Hebb,* 53 B.R. 1003 (D.Md.1985). Although neither party to the present dispute has brought this issue to the Court's attention, the issue of jurisdiction cannot be waived, and it is the duty of this Court to dismiss any action in which the Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3); *Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 740, 96 S.Ct. 1202, 1204–1205, 47 L.Ed.2d 435 (1976).

■ As Judge Northrop reasoned in *In re Hebb, supra,* an order granting a motion to convert is interlocutory in nature and does not fall into one of the well-recognized exceptions to the final judgment rule. 53 B.R. at 1005–06. Judge Northrop explained as follows:

> The order [to convert] did not determine the proceedings on the merits, but was instead a ruling preliminary to such a disposition.
>
> \*      \*      \*      \*      \*      \*
>
> The order of the bankruptcy court does not, moreover, fall within either of the two recognized exceptions to the final judg-

ment rule. The order addressed issues closely related to the merits of the main action, albeit in a nondispositive manner, thereby failing outside the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* [337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) ]. Similarly, the rule of *Forgay v. Conrad,* [47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848) ], is inapposite. The order below did not and could not direct immediate delivery of physical property or cause irreparable injury to the appellant.

*Id.*

■ Nor is this a case in which, in the exercise of its sound discretion, this Court should entertain an interlocutory appeal. *See In re Hebb,* 53 B.R. at 1006–1007 (applying standards for interlocutory appeal developed under 28 U.S.C. § 1292(b)).

(iv)

■ Accordingly, this appeal shall be dismissed on jurisdictional grounds for want of a final judgment. Treating Fraidin's notice of appeal as a motion for leave to appeal, the motion shall be denied. A separate order is entered herewith.[1]

---

1. This Court notes, however, that a determination that there had been a violation of the notice and hearing requirement contained in 11 U.S.C. § 1112(b) and Federal Rule of Bankruptcy Procedure 2002(a)(5), would not have required this Court to vacate the bankruptcy court's motion to convert. Federal Rule of Bankruptcy Procedure 9005 incorporates Federal Rule of Civil Procedure 61, therefore the bankruptcy court's failure to adhere to Rule 2002's notice and time requirements would not have been overturned if its error was harmless. *See In re Sandra Cotton, Inc.,* 65 B.R. 153, 157 (W.D.N.Y.1986); *In re Mandalay Shores Co-op Housing Assoc., Inc.,* 63 B.R. 842, 852 (N.D.Ill.1986) (mem.).

In deciding whether conversion is warranted, a bankruptcy court must first make a threshold finding that "cause" exists for conversion. *In re Superior Siding & Window, Inc.,* 14 F.3d 240, 242–43 (4th Cir.1994); 11 U.S.C. § 1112(b).

Once cause is established, the decision of whether or not to convert is left to the discretion of the bankruptcy court based upon the best interest of the estate and the creditors. *In re Superior Siding,* 14 F.3d at 242–43; *In re Lumber Exchange Bldg. Ltd. Partnership,* 968 F.2d 647, 648 (8th Cir.1992); *In re Gonic Realty Trust,* 909 F.2d 624, 627 (1st Cir.1990); *Hall v. Vance,* 887 F.2d 1041, 1044 (10th Cir.1989). If the threshold finding of cause was properly made, a bankruptcy court's decision to convert will only be overturned for an abuse of discretion. *See In re Tiana Queen Motel, Inc.,* 749 F.2d 146, 152 (2d Cir.1984), *cert. denied sub nom. De Marco v. A. Illum Hansen Inc.,* 471 U.S. 1138, 105 S.Ct. 2681, 86 L.Ed.2d 699 (1985). "While this discretion is not completely unfettered, the courts have not been required to give exhaustive reasons for their decisions." *In re Gonic,* 909 F.2d at 627.

Courts in other jurisdictions have determined that conversion due to failure to properly submit a plan for confirmation in time periods significantly less than the four years afforded the appellant in the instant case established cause for conversion and were not abuses of discretion. *See, e.g., In re Koerner,* 800 F.2d 1358, 1368 (5th Cir.1986) (16 months); *In re Tiana Queen Motel, Inc.,* 749 F.2d at 152 (15 months). The Court of Appeals for the Tenth Circuit explained that:

> Dismissal under § 1112(b)(2) is appropriate where debtor's failure to file an acceptable plan *after a reasonable period of time* indicates its inability to do so whether the reason for the debtor's inability to file is its poor financial condition, the structure of the claims against it, or some other reason.

*Hall v. Vance,* 887 F.2d 1041, 1044 (10th Cir. 1989). *See also In re 266 Washington Assocs.,* 141 B.R. 275, 288 (Bankr.E.D.N.Y.) ("Bankruptcy courts are not required to retain Chapter 11 cases on their dockets which cannot achieve their *raison d'etre,* i.e., confirmation of a reorganization plan."), *aff'd,* 147 B.R. 827 (E.D.N.Y. 1992). Accordingly, it appears that there was no abuse of discretion by the bankruptcy court in ordering that the present case be converted to Chapter 7 where the debtor had failed to demonstrate his ability to be rehabilitated under Chapter 11 "based on anything more substantial than [his] boundless confidence." *In re Tiana Queen Motel, Inc.,* 749 F.2d at 151.