**In re SUNFLOWER RACING, INC., doing business as The Woodlands, Debtor.**

**SUNFLOWER RACING, INC., doing business as The Woodlands, and Hollywood Park, Inc., Appellants,**

**v.**

**MID–CONTINENT RACING & GAMING CO. I; Mid–Continent Racing & Gaming Co. II; Mid–Continent Racing & Gaming Co. III; Bank Midwest, N.A.; FCLT Loans, L.P.; Kansas Racing and Gaming Commission; and Eric C. Rajala, Chapter 7 Trustee, Appellees.**

Civ. A. No. 98–2258–EEO.
Bankruptcy No. 96–21187–11.

United States District Court,
D. Kansas.

Oct. 21, 1998.

See also 226 B.R. 673.

Jan M. Hamilton, Hamilton, Peterson & Keeshan, Topeka, KS, F. Stannard Lentz, John J. Cruciani, Lentz & Clark, P.A., Overland Park, KS, for Sunflower Racing, Inc. dba The Woodlands, Hollywood Park Inc.

Mark A. Shaiken, David L. Zeiler, Stinson, Mag & Fizzell, P.C., Thomas R. Franklin, Media/Professional Insurance, Inc., Thomas M. Franklin, Wehrman & Colantuono, L.L.C., Laurence M. Frazen, Bryan Cave L.L.P., Kansas City, MO, for Mid–Continent Racing & Gaming Co. I, Mid–Continent Racing & Gaming II, Mid–Continent Racing & Gaming Co. III, Bank Midwest, N. A., FCLT Loans, L.P.

## MEMORANDUM AND ORDER

O'CONNOR, Senior District Judge.

This matter is before the court on the appeal of Sunflower Racing, Inc. ("Sunflower") and Hollywood Park, Inc. ("HPI") of the bankruptcy court's June 4, 1998 order converting Sunflower's Chapter 11 case to a Chapter 7 case. The Kansas Racing and Gaming Commission and Eric C. Rajala have not filed briefs in this appeal. The court heard oral argument on October 1, 1998. After careful consideration of the record on appeal, and the arguments and authorities presented by the parties in their briefs and at oral argument, the court is prepared to rule. For the reasons stated below, the court will affirm the bankruptcy court's June 4, 1998 order.

### Factual Background

On May 17, 1996, Debtor filed a Chapter 11 bankruptcy petition. Pursuant to 11 U.S.C. § 1121 and a number of orders of the bankruptcy court granting extensions, Debtor had the exclusive right to file a plan of reorganization on or before July 15, 1997. On July 15, Debtor filed its plan of reorganization. Debtor filed its first amended reorganization plan on September 16, 1997.

On October 1, 1997, the Creditor Group [1] filed its motion to permit approval of its disclosure statement and dissemination of its own plan for voting. At a hearing on the motion on October 27, the bankruptcy court denied the Creditor Group's motion.

On October 31, 1997, Debtor filed a second amended reorganization plan. The confirmation hearing on Debtor's Second Amended Plan was held from January 22 through January 29, 1998. On April 8, 1998, the bankruptcy court entered an order denying confirmation of the Second Amended Plan (the "Confirmation Order"). The bankruptcy court stated in its order that "Sunflower is hereby denied any opportunity to amend its plan or to request further proceedings to-

ward its confirmation." Debtor and Hollywood Park filed a motion for reconsideration of the bankruptcy court's April 8 Order. On May 21, 1998, the bankruptcy court denied the motion for reconsideration. Debtor and Hollywood Park appealed the bankruptcy court's order denying their motion for reconsideration. Earlier today, we issued an order affirming the bankruptcy court's denial of Debtor's reorganization plan. *See In re Sunflower Racing, Inc.*, 226 B.R. 673 (1998).

On May 27, 1998, the Creditor Group filed a motion to convert this action to a Chapter 7 case (the "Conversion Motion") and a motion for an expedited hearing on the Conversion Motion. Both motions were served on all parties on that date. On May 28, 1998, the bankruptcy court granted the motion for an expedited hearing on the Conversion Motion and set the hearing for June 4, 1998. Notice of the hearing was served on all parties on May 28, 1998. On May 29, 1998, the Kansas Racing and Gaming Commission filed a pleading in support of the motion to convert this action to a Chapter 7 case. On June 3, 1998, the Appellants filed a motion for continuance of the hearing on the Conversion Motion and a motion to stay the bankruptcy action pending appeal of the Confirmation Order. On June 4, 1998, after a hearing, the bankruptcy court denied Appellants' motion for a continuance and Appellants' motion for a stay pending appeal. At the same hearing, the bankruptcy court granted the Creditor Group's Conversion Motion. The bankruptcy court held that "pursuant to 11 U.S.C. §§ 1112(b)(1), (2), (3), and (5), cause exists to immediately convert this case to a case under Chapter 7 of Title 11." ROA No. 120 at 1. At the conclusion of the June 4 hearing, the United States Trustee's office appointed Eric C. Rajala as the Chapter 7 bankruptcy trustee. Mr. Rajala has been in control of Debtor's operations since June 4.

---

**1.** The Creditor Group consists of: (1) Bank Midwest, N.A., (2) FCLT Loans, L.P., (3) Mid–Continent Racing and Gaming Company I, which purchased the claim of INTRUST Bank, N.A., (4) Mid–Continent Racing and Gaming Company II, which purchased the claim of First Union Na-

tional Bank of Florida, and (5) Mid–Continent Racing and Gaming Company III, which purchased the claim of Bank One Kentucky, N.A., formerly Bank One Lexington, N.A. The Creditor Group's combined claim is now valued at $29,-811,873.32.

## Standard of Review

Our standard of review in bankruptcy appeals is clear. The bankruptcy courts' legal conclusions are subject to *de novo* review. *See Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 174 (10th Cir.1996). We are bound, however, by the bankruptcy court's factual findings unless such findings are clearly erroneous. *See id.; In re Herd*, 840 F.2d 757, 759 (10th Cir.1988). "A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made." *Conoco, Inc. v. Styler (In re Peterson Distrib., Inc.)*, 82 F.3d 956, 959 (10th Cir.1996) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

## Analysis

### I. Cause To Convert The Case To Chapter 7.

■ Section 1112(b) of the Bankruptcy Code provides that on the request of a party in interest or the United States Trustee, a bankruptcy court, after notice and a hearing, may convert a case from Chapter 11 to Chapter 7 for cause. *See* 11 U.S.C. § 1112(b). The Bankruptcy Code sets forth several examples of "cause" including -

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors; [and]

\*     \*     \*     \*     \*     \*

(5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of a plan.

As noted above, the bankruptcy court relied on these four grounds as cause to convert the case to Chapter 7. Any one of these grounds would be sufficient to convert the case.

We review the bankruptcy court's decision to convert the case for an abuse of discretion. *See Sullivan Cent. Plaza I, Ltd. v. Banc-Boston Real Estate Capital Corp. (In re Sullivan Cent. Plaza I, Ltd.)*, 935 F.2d 723,

728 (5th Cir.1991) (determination of whether cause exists under section 1112(b) is discretionary); *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir.1989) ("The bankruptcy court has broad discretion under § 1112(b)"); *Koerner v. Colonial Bank (In re Koerner)*, 800 F.2d 1358, 1367 & n. 7 (5th Cir.1986) (noting that bankruptcy court is afforded "wide discretion" to convert case).

We find that the bankruptcy court correctly held that cause existed to convert the case pursuant to 11 U.S.C. §§ 1112(b)(2), (3), and (5). Accordingly, we need not decide whether cause existed to convert the case pursuant to section 1112(b)(1).

### A. Inability To Effectuate A Plan.

■ The bankruptcy court found that conversion was appropriate under section 1112(b)(2) because of Sunflower's inability to effectuate a plan. The Tenth Circuit has held that "[d]ismissal under § 1112(b)(2) is appropriate where the debtor's failure to file an acceptable plan after a reasonable time indicates its inability to do so whether the reason for the debtor's inability to file is its poor financial condition, the structure of the claims against it, or some other reason." *Hall*, 887 F.2d at 1044. A debtor's failure to propose a confirmable plan or the bankruptcy court's denial of confirmation constitutes cause under section 1112(b)(2). *See, e.g., Lumber Exch. Bldg. Ltd. Partnership v. Mutual Life Ins. Co. of N.Y. (In re Lumber Exch. Bldg. Ltd. Partnership)*, 968 F.2d 647, 650 (8th Cir.1992); *In re Sullivan Cent. Plaza I, Ltd.*, 935 F.2d at 728; *In re Winslow*, 123 B.R. 641, 646 (D.Colo.), *aff'd*, 949 F.2d 401 (10th Cir.1991); *In re Koerner*, 800 F.2d at 1367-68.

■ Sunflower filed three plans. Although the bankruptcy court held a confirmation hearing only on the third plan, the bankruptcy court commented on the deficiencies of Sunflower's first two plans. Moreover, Sunflower was on notice that if it did not present a confirmable plan to the bankruptcy court, the bankruptcy court would allow the Creditor Group to proceed so that the case could be concluded shortly after the denial of plan confirmation. *See, e.g.*, ROA No. 26,

Trans. of August 12, 1997 Hearing, at 189 ("I guess the bottom line is that for the creditor group I can only say in addition to this adequate protection we will move this case to a prompt confirmation hearing and either get a confirmed plan or it will be over with and I would hope that would happen within the next two months or perhaps a little longer."); ROA No. 57, Trans. of Oct. 27, 1997 Hearing at 46 ("The Court does not rewrite plans of reorganization. It only rules on whether or not they are confirmable and we're going to be on a track to dispose of this case one way or the other.... If [the Debtor's plan] is not confirmable, the creditors' plan can then be quickly put into effect...."). Finally, the court notes that the bankruptcy court's decision that the Debtor did not present a confirmable plan was affirmed by this court earlier today. In these circumstances, we conclude that the bankruptcy court did not abuse its discretion in finding cause to convert the case under section 1112(b)(2).

### B. Unreasonable Delay.

■ The bankruptcy court also held that conversion was appropriate under section 1112(b)(3) because of unreasonable delay by Sunflower which was prejudicial to the creditors. The bankruptcy court's decision of what constitutes "unreasonable delay" and "prejudice" is clearly discretionary and very fact intensive. See, e.g., In re Woodbrook Assocs., 19 F.3d 312, 322 (7th Cir.1994) ("Bankruptcy courts are given a great deal of discretion to say when enough is enough.") Indeed, Appellants concede the discretionary nature of the bankruptcy court's decision. See Appellants' Opening Br. at 15 (" 'unreasonable delay' as contemplated by 11 U.S.C. § 1112(b)(3) is 'subjectively interpreted' "). Appellants were well aware that the bankruptcy court intended to have only one confirmation hearing on Debtor's reorganization plan and that if the plan was not confirmed, the Creditor Group's plan would be implemented or the case would otherwise be terminated shortly thereafter. See, e.g., ROA No. 26 at 189; ROA No. 57 at 46. Given that

this case had been pending for over two years with no confirmable plan proposed by the Debtor, the bankruptcy court did not abuse its discretion in finding cause to convert the case under section 1112(b)(3). See In re Koerner, 800 F.2d at 1367–68 (finding unreasonable delay based on the debtor's failure to submit confirmable plan over 16 month period); In re Winslow, 123 B.R. at 646 (finding unreasonable delay based on the debtor's failure to submit confirmable plan over 15 month period).

### C. Denial Of Plan Confirmation And Any Amendment.

On April 8, 1998, the bankruptcy court denied confirmation of Sunflower's reorganization plan.[2] See ROA No. 99. In that order, the bankruptcy court also denied any further attempts by Sunflower to file another plan or to amend the existing plan.[3] See id. at 40. Accordingly, the bankruptcy court held, in its June 4 conversion order, that cause to convert the case existed under section 1112(b)(5). See ROA No. 120 at 1.

■ Appellants argue that conversion under subsection (5) was inappropriate because the bankruptcy court had not denied a request for additional time to file another plan or a modified plan. See 11 U.S.C. § 1112(b)(5)(cause includes "denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of a plan"). Appellants filed a motion to file another plan or to amend the existing plan on June 3, 1998. The bankruptcy court did not rule on this motion prior to or at the June 4, 1998 hearing. While the bankruptcy court did not formally rule on the Appellants' motion prior to issuing the conversion order, the bankruptcy court clearly stated in its April 8, 1998 order that any such motions would be denied. See ROA No. 99 at 40 ("Sunflower is hereby denied any opportunity to amend its plan or to request further proceedings toward its confirmation."). In these circumstances, we find that the bankruptcy court did not abuse

---

2. As explained above, we affirmed the bankruptcy court's April 8, 1998 order denying plan confirmation earlier today.

3. We likewise affirmed the bankruptcy court's decision to deny any further plans or plan amendments to be submitted by Sunflower.

its discretion in finding that cause existed to convert the case under section 1112(b)(5).

### D. *Necessity For Bankruptcy Court To Make Findings Of Fact And Conclusions Of Law.*

Appellants also argue that the bankruptcy court only referred to §§ 1112(b)(1), (2), (3), and (5) in summary form and failed to make appropriate findings of fact and conclusions of law. A bankruptcy court generally must make findings of fact and conclusions of law in all contested matters. *See* Fed. R. Bankr.P. 9014, 7052; Fed. R.Civ.P. 52. Here, the bankruptcy court's written order provides that "pursuant to 11 U.S.C. § § 1112(b)(1), (2), (3), and (5), cause exists to immediately convert this case to a case under Chapter 7 of Title 11 . . . . [T]his order shall include and incorporate any and all findings of fact and conclusions of law made by the Court on the record." ROA No. 120 at 1–2. At the hearing, the bankruptcy court stated: "the basis of the order is 11 U.S.C. § 1112(b)(1), (2), (3), and (5) as explained by the Court in its order denying stay of the appeal." ROA No. 126 at 66–67. The bankruptcy court denied the Appellants' motion for a stay pending appeal earlier at the same hearing. The bankruptcy court noted in its ruling that it was in the best interests of the public and creditors to move the case forward, that the court bent over backwards to give Sunflower a fair opportunity to put forth a plan, that Sunflower and Hollywood Park failed to present a confirmable plan despite these opportunities, and that Sunflower attempted to delay matters. *See* ROA No. 125 at 4–5. While the bankruptcy court gave only brief findings of fact and conclusions of law, we think the bankruptcy court adequately stated its rationale for converting the case based on the entire record. Moreover, we note that the factual findings necessary to support a finding of cause under sections 1112(b)(2), (3), and (5) in this case were very limited and intertwined with the legal conclusion of cause. For the above reasons, we find that the bankruptcy court in effect set forth its findings of fact and conclusions of law for conversion of the case pursuant to section 1112(b)(2), (3), and (5).

### II. Expedited Hearing.

Appellants contend that the bankruptcy court erred in setting the hearing on the Creditor Group's motion to convert on an expedited basis. Generally, a Debtor is given 20 days notice if a case is to be converted or dismissed. *See* Fed. R. Bankr.P. 2002(a)(4). The bankruptcy court may shorten the 20 day notice period in its discretion and for cause shown. *See* Fed. R. Bankr.P. 9006(c)(1). We review the bankruptcy court's ruling shortening the time period under rule 9006 for an abuse of discretion. *See State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1084–85 (10th Cir.1996); *see also United States Abatement Corp. v. Mobil Exploration & Producing U.S., Inc. (In re United States Abatement Corp.)*, 39 F.3d 556, 560 (5th Cir.1994) ("an appellate court should be loathe to substitute its judgment for the bankruptcy court regarding [ ] matters of docket management absent an abuse of discretion").

Here, the bankruptcy court set the conversion hearing on June 4 (7 days notice) for several reasons: (1) to accommodate counsel for Hollywood Park who indicated that he would be unavailable from June 6 through June 20, (2) all of the necessary information to decide the conversion motion was in the record, and (3) the best interests of the public and creditors would be served by moving the case forward. *See* ROA No. 126, Trans. of 6/4/98 Hrg., at 8, 13, 51, 62. In these circumstances, we find that the bankruptcy court did not abuse its discretion by shortening the notice period for the conversion hearing to 7 days. *See In re Mandalay Shores Coop. Housing Ass'n, Inc.*, 63 B.R. 842, 852 (N.D.Ill.1986) (bankruptcy judge had discretion to shorten 20 day notice period to 7 days where judge had all the information needed to dispose of the motion and case had been pending for a significant time period); *see also In re Gledhill*, 76 F.3d at 1085 (finding that bankruptcy court did not abuse its discretion by granting *ex parte* motion to shorten time to consider trustee's motion to reimpose the automatic stay from 20 days to 5 days). The court also finds that Appellants' due process rights were not violated

given that the bankruptcy court did not abuse its discretion under rule 9006. *See id.*

■ We also note that any alleged error by the bankruptcy court in shortening the notice period is harmless. Appellants allege that they were "greatly prejudiced" by the abbreviated notice of the conversion hearing. Appellants have not shown, however, how an additional 13 days notice would have materially altered counsel's presentation at the conversion hearing, particularly with respect to section 1112(b)(2), (3), and (5). In the absence of such a showing, any alleged error by the bankruptcy court in reducing the notice period for the conversion hearing is harmless.

## III. Denial Of Appellants' Motion For Continuance.

■ Appellants argue that the bankruptcy court erred by not continuing the conversion hearing. Appellants filed a motion for continuance on June 3, 1998. Appellants requested a continuance because (1) of the shortened notice period for the hearing and (2) Mr. Rimbo, Sunflower's President, was out of the country on business until June 5, 1998. We already held above that the bankruptcy court did not abuse its discretion by shortening the notice period. Accordingly, the bankruptcy court's denial of Appellants' motion for a continuance did not constitute an abuse of discretion. With respect to Mr. Rimbo's unavailability, Appellants only claim that Mr. Rimbo would have testified regarding the prejudicial effect of conversion on the Debtor, its employees, TRAK East, and the industry. Notably, none of the proffered testimony involves the standards for cause relied on by the bankruptcy court. In sum, we find that the bankruptcy court did not err in denying Appellants' motion for continuance.

## IV. Lack Of An Evidentiary Hearing.

Appellants next contend that the bankruptcy court erred by failing to hear any evidence in support of or in opposition to the Creditor Group's Conversion Motion. As explained above, section 1112(b) states that a case may be converted "after notice and a hearing." Section 102(a) provides that "after notice and a hearing" means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A).

■ Appellants assert that evidence should have been presented at the hearing because the issues with respect to conversion had not previously been before the bankruptcy court. Appellants ignore that with respect to at least three of the grounds relied on by the bankruptcy court, *i.e.*, inability to effectuate a plan, unreasonable delay, and denial of plan confirmation and amendment, an evidentiary hearing generally is unnecessary. A bankruptcy judge who has presided over a case since its inception can resolve these issues without an additional evidentiary hearing. A full evidentiary hearing on a conversion or dismissal motion simply is unnecessary when an adequate factual record already is before the bankruptcy court. *See A. Illum Hansen v. Tiana Queen Motel, Inc. (In re Tiana Queen Motel, Inc.)*, 749 F.2d 146, 150 (2d Cir.1984), *cert. denied*, 471 U.S. 1138, 105 S.Ct. 2681, 86 L.Ed.2d 699 (1985); *Kates v. Mazzocone (In re Mazzocone)*, 180 B.R. 782, 785–86 (E.D.Pa.1995); *Coones v. Mutual Life Ins. Co. of N.Y.*, 168 B.R. 247, 258 (D.Wyo.1994), *aff'd*, 56 F.3d 77, 1995 WL 316153 (10th Cir.1995). Here, the bankruptcy court properly relied on its two year experience with the case to decide whether conversion was appropriate under 11 U.S.C. §§ 1112(b)(2), (3), and (5). We also note that the "evidence" Appellants claim they would have presented with respect to 11 U.S.C. §§ 1112(b)(2), (3), and (5), is merely legal argument, and was presented to Judge Flannagan at the conversion hearing. For the above reasons, we find that the bankruptcy court did not err in not taking evidence at the conversion hearing on June 4, 1998.

IT IS THEREFORE ORDERED that the bankruptcy court's June 4, 1998 order converting the case from Chapter 11 to Chapter 7 is AFFIRMED.