Dora L. AJA, Debtor.

Dora L. Aja, Appellant,

v.

John P. Fitzgerald, III, Acting United States Trustee, Appellee.

BAP No. MB 10–010.
Bankruptcy No. 09–21872–JNF.

United States Bankruptcy Appellate Panel for the First Circuit.

Jan. 19, 2011.

Dora L. Aja, Pro Se, on brief for Appellant.

Eric K. Bradford, Esq., on brief for Appellee.

Before VOTOLATO, LAMOUTTE, and TESTER, United States Bankruptcy Appellate Panel Judges.

VOTOLATO, Bankruptcy Judge.

Dora L. Aja (the "Debtor") appeals from a ruling of the bankruptcy court denying her request for reconsideration of an order converting her case. For the reasons discussed below, the appeal is **DISMISSED.**

### BACKGROUND

The Debtor filed for relief under chapter 11 in December 2009. In January 2010, the United States Trustee (the "U.S. Trustee") moved to convert the case to chapter 7 (the "Conversion Motion") on the grounds that the Debtor did not have required property insurance, and because she failed to open a debtor-in-possession account. The bankruptcy court initially set the Conversion Motion hearing for February 2010, but then, *sua sponte*, rescheduled the hearing for January 21, 2010.[1]

At the hearing on the Conversion Motion, the U.S. Trustee informed the bankruptcy judge that she notified the Debtor of the rescheduled hearing via telephone immediately after receiving the court's notice of the hearing date change. The court stated that it also had contacted the Debtor regarding the hearing date change. The Debtor did not appear at the hearing.

The bankruptcy judge granted the Conversion Motion noting that the Debtor was using cash collateral without authority, had not provided evidence that required insurance was in place, and that there was no likelihood of rehabilitation, particularly given her mathematically incorrect operating report (the "Conversion Order").

The day after the hearing, the Debtor moved for reconsideration of the Conversion Order, on the ground that she had not received notice of the hearing. That same day, the bankruptcy judge denied the motion, saying that the Debtor had received timely telephonic notice of the hearing from the court, and failed to provide a credible reason for not appearing.

In February 2010, the bankruptcy court held a hearing on two motions for relief from stay,[2] and at the end of the hearing, the Debtor made an oral motion to "reconvert" her case. The bankruptcy court issued a bench order denying the motion, but did not formalize its decision in a written order. The Debtor filed a notice of appeal and a motion for reconsideration of the Conversion Order (the "Reconsideration Motion").

In the Reconsideration Motion, the Debtor argued: (1) that the bankruptcy judge had "made a factual error" because she did not receive adequate notice of the amended hearing date on the Conversion Motion; (2) that the bankruptcy court erred as a matter of law regarding the Debtor's failure to maintain property in-

---

1. The Trustee filed the Conversion Motion on January 6, 2010. On January 8, 2010, the bankruptcy court scheduled the hearing for February 17, 2010. On January 19, 2010, the bankruptcy court issued an order advancing the hearing date to January 21, 2010, based upon averments that there was no property insurance.

2. The Debtor's secured lender, Emigrant Funding Corporation, filed motions for relief from stay on two rental properties owned by the Debtor. The bankruptcy court granted one motion that day and continued the hearing on the second motion.

surance because, had the bankruptcy court allowed her to use cash collateral, she would have been able to provide the insurance; (3) that the bankruptcy court erred in not resolving doubts in her favor, particularly as she "could increase her earnings"; and (4) that she had newly discovered evidence. That evidence, she explained, was that her reorganization prospects were brighter because she had greater monthly income after her lender received relief from stay on one of her properties.

In March 2010, at the hearing on the Reconsideration Motion and on the continued motion for relief from stay, the Debtor submitted income projections for herself and her rental properties, and there was a colloquy between the Debtor and the court regarding the secured claimholders and the means by which the Debtor could successfully reorganize. The bankruptcy court then requested input from the U.S. Trustee, the secured lender, and the chapter 7 trustee.

The U.S. Trustee reported that although the Debtor had satisfied the grounds upon which the U.S. Trustee had sought conversion, she did not believe that the Debtor was likely to present a successful plan of reorganization. The secured lender indicated that if the case were converted back to chapter 11, it would be a single asset case with property that was undersecured. The chapter 7 trustee reported that the Debtor did not attend the first meeting of creditors and failed to turn over post-conversion rental income.

The bankruptcy court ruled that based upon the Debtor's failure to comply with her duty to attend the Section 341 meeting, and to turn over estate property to the chapter 7 trustee, the court would not "reconvert" the case. In its "Reconsideration Order" dated March 19, 2010, the bankruptcy court held that the Debtor failed to demonstrate any error of fact or law, or newly discovered evidence, and rejected the Debtor's assertion that she did not have notice of the hearing. The court also ruled that "re-conversion" would be futile because of the Debtor's inability to file a feasible plan, and because the Debtor failed to comply with her duties as a chapter 7 debtor.[3] The Debtor filed a timely notice of appeal.

On April 5, 2010, the Panel issued an order construing the Debtor's notice of appeal to refer to the Reconsideration Order ("Panel Order"). The Debtor has not appealed the Conversion Order.[4]

### JURISDICTION

The Panel has jurisdiction to hear appeals from: (1) final judgments, orders and decrees; or (2) with leave of court, from certain interlocutory orders. 28 U.S.C. § 158(a); *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir.

---

3. The bankruptcy court also issued a proceeding memorandum denying the Debtor a stay pending appeal with respect to the Debtor's request for reconsideration. The Debtor has not sought a stay pending appeal from the Panel.

4. The docket in the chapter 7 case reflects that since this appeal was filed, the trustee filed her final report, stating that the estate is administratively insolvent. *See* "Trustee's Final Report and Account . . .", Docket No. 192; and "Notice of Intent to Abandon . . .", Dock-

et No. 183. "The Panel may take judicial notice of the proceedings in the bankruptcy court." *Hamilton v. Appolon (In re Hamilton)*, 399 B.R. 717, 719 n. 1 (1st Cir. BAP 2009) (citing *Maher v. Hyde*, 272 F.3d 83, 86 n. 3 (1st Cir.2001); *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir.1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.")).

BAP 1998). A decision is considered final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," *id.* at 646 (citations omitted), whereas an interlocutory order "only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." *Id.* (quoting *In re Am. Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir. 1985)). Generally, orders denying reconsideration are final appealable orders. *See, e.g., Balzotti v. RAD Invest., LLC (In re Shepherds Hill Dev. Co., LLC)*, 316 B.R. 406, 416 (1st Cir. BAP 2004), (and "an order denying relief from judgment under Rule 60(b) is generally considered a final appealable order."); *see also Federal Deposit Ins. Corp. v. Ramirez–Rivera*, 869 F.2d 624, 626 (1st Cir.1989), and "orders denying Rule 60(b) motions are final orders and are appealable as such."

## STANDARD OF REVIEW

■■■ The Panel's review of a bankruptcy court's denial of a motion for relief from judgment is based on an abuse of discretion standard. *In re Shepherds Hill*, 316 B.R. at 413. "Judicial discretion is necessarily broad—but it is not absolute. Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *Perry v. Warner (In re Warner)*, 247 B.R. 24, 25 (1st Cir. BAP 2000) (quoting *Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir.1988)).

## DISCUSSION

Fed.R.Civ.P. 59, which is applicable in bankruptcy proceedings, requires that a motion to alter or amend a judgment be brought within 14 days. As the Debtor filed the Reconsideration Motion more than 14 days after the Conversion Order entered, the motion must be treated as one brought under Fed.R.Civ.P. 60(b). That rule provides that a party may seek relief from judgment for "mistake, inadvertence, surprise, or excusable neglect," Fed.R.Civ.P. 60(b)(1), "newly discovered evidence that, with reasonable diligence, could not have been discovered . . .," Fed.R.Civ.P. 60(b)(2), or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). Motions brought under Rule 60(b)(1) and (2) must be filed within one year of entry of the judgment from which relief is sought; those brought under Rule 60(b)(6) must be filed "within a reasonable time." Fed.R.Civ.P. 60(b)(1), (6). Under any of these subsections, the Reconsideration Motion was timely filed.

■■■ In this circuit, such motions are granted only under exceptional circumstances. *See Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir.2002) ("Relief under Rule 60(b) is extraordinary in nature and [ ] motions invoking that rule should be granted sparingly."); *Davila–Alvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 63–64 (1st Cir. 2001) ("Although many courts have indicated that Rule 60(b) motions should be granted liberally, this Circuit has taken a harsher tack."). The Debtor never clearly articulated the subsection under which she sought relief.[5] Treating the motion as one brought under Fed.R.Civ.P. 60(b)(1), the Panel has explained:

---

**5.** Relief should not be denied for failure to designate the proper subsection of Fed. R.Civ.P. 60(b). *Fisher v. Kadant, Inc.*, 589 F.3d 505, 513 (1st Cir.2009).

In determining whether excusable neglect exists, courts consider all relevant circumstances, including: "the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The most important factor in this test is the reason for the delay which requires a statement of the reasons and a satisfactory explanation for the delay. *Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 6 (1st Cir.2001); *EnvisioNet Computer Servs., Inc. v. ECS Funding LLC*, 288 B.R. 163, 166 (D.Me.2002). The First Circuit has repeatedly upheld findings of "no excusable neglect" in the absence of unique or extraordinary circumstances. *Id.*

*Roman v. Carrion (In re Rodriguez Gonzalez)*, 396 B.R. 790, 802 (1st Cir. BAP 2008).

■ If the motion were deemed brought under Fed.R.Civ.P. 60(b)(2), the First Circuit has explained that the movant must, "at the very least, offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings." *Karak*, 288 F.3d at 20.

■ Relief under Rule 60(b)(6) is likewise reserved for "extraordinary circumstances" that justify "extraordinary" relief. *See Valley Citizens for a Safe Environment v. Aldridge*, 969 F.2d 1315, 1317 (1st Cir.1992). "Courts generally find extraordinary circumstances warranting relief under Rule 60(b)(6) only where the movant was not at fault in his predicament, and was unable to take steps to prevent the

judgment from which relief is sought. *See* 12 James Wm. Moore, *Moore's Federal Practice* § 60.48[3][c] (3d ed. 2005) ("Fault by movant usually means [a] lack of extraordinary circumstances")." *In re Rodriguez Gonzalez*, 396 B.R. at 803.

In her written submissions, the Debtor argues that the bankruptcy court erred in converting her case because she should have received notices *via mail*, that the bankruptcy judge ruled on the matter prematurely, and that the judge was biased. The Debtor also argues that the bankruptcy judge erred because she did not consider the Debtor's objection to the motions for relief from stay, and that the secured lender had not produced an accounting. The Debtor does not address in what way the bankruptcy court erred in denying reconsideration.

The U.S. Trustee argues: (1) that this appeal is confined to the Reconsideration Order; (2) it does not include the Conversion Order; (3) that the standard for overturning an order on reconsideration is so high in this circuit; and (4) because the circumstances in this case do not demonstrate any abuse of discretion, there was no error. We agree. For example, the U.S. Trustee explains that the telephonic notice the Debtor received was adequate in the circumstances, given that estate property was uninsured. In support, he cited *In re Abijoe Realty Corp.*, 943 F.2d 121, 127 (1st Cir.1991). As for the Debtor's contention that the bankruptcy court erred in its finding regarding her prospects of reorganization, the U.S. Trustee correctly points out that the bankruptcy court gave the Debtor ample opportunity to address the merits of that issue, and found that they were not sufficient. The U.S. Trustee also properly points out that the Debtor's arguments regarding relief from stay and bias are waived, as they were not raised below.

Finally, the U.S. Trustee argues that the Panel should dismiss the appeal as moot. The secured creditor has sold one of the two estate rental properties and has obtained relief from stay to foreclose on the second property. The chapter 7 trustee has abandoned his interest in the Debtor's residence and filed a final report indicating that the estate is administratively insolvent.[6] As a result, even assuming arguendo that it were appropriate to do so, the Panel is unable to provide any effective relief at this stage of the proceedings.

Notwithstanding her multiple arguments and the real time posture of the chapter 7 case, i.e., that it has been fully administered, this appeal is rife with serious obstacles, and very little, if any merit. Nevertheless, the Panel will address the arguments, seriatim.

In her reply brief, the Debtor asserts that this appeal is not primarily about the Reconsideration Order, but rather addresses the notice that she received regarding the hearing on the Conversion Motion. Because the Debtor chose to concentrate on this specious argument,[7] and failed to address the issues raised in her pleadings, but not presented in this appeal, the Panel considers them waived. *U.S. v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990).

▆ A second fatal defect in this appeal is the present status of the chapter 7 case, i.e., if the Panel were to reverse the bankruptcy judge, that action cannot undo what has transpired in the chapter 7 case. Because the Debtor did not appeal the Conversion Order and did not obtain a stay pending appeal, the liquidation of the

estate has progressed (in the normal course) to the point where nothing is left to be administered. The secured creditor has received relief from stay on two of the Debtor's rental properties and they are no longer part of this estate. The chapter 7 trustee has abandoned his interest in the remaining real estate. Therefore, even if the Panel were to rule that the bankruptcy judge abused her discretion in denying reconsideration (and we do not), no effective relief can be granted at this late stage of the proceeding. *See, e.g., Sasso v. Boyajian (In re Sasso)*, 409 B.R. 251 (1st Cir. BAP 2009). Accordingly, this appeal should be dismissed as moot. *Id.*

▆ Even if the foregoing impediments were not present, there is nothing in the record to support a ruling that the Debtor should prevail on the merits of her appeal. With respect to the Reconsideration Motion, the Debtor's only point is the sufficiency of the hearing notice. Pursuant to 11 U.S.C. § 1112(b), a bankruptcy court may convert a case after notice and a hearing. Pursuant to 11 U.S.C. § 102(1), "after notice and a hearing" means notice that is appropriate under the circumstances. Fed. R. Bankr.P. 2002(a)(4) provides that "the clerks, or some other person as the court may direct, shall give the debtor, . . . at least 21 days' notice of mail" of a hearing on a motion to convert. Fed. R. Bankr.P. 9006(c)(1) provides that the court, for cause shown, may reduce the notice period with or without a motion or notice. It is well settled that bankruptcy courts may reduce, extend, or otherwise amend or alter notice periods. *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764,

---

**6.** The U.S. Trustee added to his appendix documents relating to the progress of the Debtor's chapter 7 case. Those documents were not included in his designation of record and has moved to supplement the record on appeal to include them. The motion to supplement is denied as moot, as the Panel has

taken judicial notice of the chapter 7 docket, and those entries adequately reflect the travel of the chapter 7 case.

**7.** This argument is subsumed and disposed of by the Panel Order.

775 (9th Cir.2008); *Sunflower Racing Inc. v. Mid–Continent Racing & Gaming Co. (In re Sunflower Racing, Inc.)*, 226 B.R. 665, 671 (D.Kan.1998). Here, the bankruptcy judge reduced the notice period because of the Debtor's failure to provide proof of insurance on the real estate. *In re Sandra Cotton, Inc.*, 65 B.R. 153, 156 (W.D.N.Y.1986) (shortening notice warranted in unusual circumstances). Lack of insurance warrants conversion, and the Debtor does not challenge that at the time that conversion was sought, she had not provided evidence of insurance.[8] The bankruptcy court found the U.S. Trustee's representation regarding notice to be credible and rejected the Debtor's factual assertions. Based on these facts, we cannot conclude that a material factor deserving significant weight was ignored, that any improper factor was relied upon, or that the bankruptcy court made a serious mistake in weighing any of said factors. We would also note that even were we to conclude that the bankruptcy court erred in denying reconsideration because of the shortened notice, such error would be harmless because of the current status of the case, as well as the fact that the Debtor was afforded two additional opportunities to explain her prospects for reorganization, and at each hearing the Debtor fell short. *Sunflower Racing*, 226 B.R. at 672.

■ The only argument for newly discovered evidence that the Debtor proffered in the Reconsideration Motion is that her prospects for reorganization had improved. The bankruptcy court assessed the information provided by the Debtor, and determined that the alleged reorganization prospects were futile, that the Debt-

or had not been forthcoming with required information, and that she failed to comply with her obligations as a chapter 7 debtor. Newly discovered evidence must be of such a nature that it would likely change the result if a new trial were granted. *Eastern Savings Bank, FSB v. LaFata (In re LaFata)*, 483 F.3d 13, 24 (1st Cir.2007). The bankruptcy judge explained that the information provided by the Debtor only reaffirmed her decision to convert the case. The record in this case is replete with support for the bankruptcy court's conclusions and findings, and that there was no error committed at any stage of the proceedings below.

### CONCLUSION

Notwithstanding all of the Debtor's arguments, the appeal is **DISMISSED** as moot for the procedural reasons discussed above. Alternatively, the Panel rules that the Debtor's arguments purportedly addressing substantive issues are unsupported, lack any merit, and at best have been a waste of time for all parties. The result would be the same on either procedural or substantive grounds. Therefore the appeal is dismissed, and the Debtor is forewarned that if she institutes further meritless litigation herein, such action may result in the imposition of sanctions.

---

8. Section 1112(b)(4)(c) requires debtors to maintain property and liability insurance to protect estate property. *See* 11 U.S.C. § 1112(b)(4)(c). A chapter 11 case should be dismissed or converted if the debtor's "failure to maintain appropriate insurance ... poses a risk to the estate or to the public." *Id.; see also Gilroy v. Ameriquest Mortgage Co. (In re Gilroy)*, No. NH 07–054, 2008 WL 4531982 (1st Cir. BAP 2008) (failure to maintain property and liability insurance for five condominiums constitutes cause for dismissal).